UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| ROBERT BUIE,<br>    Petitioner,<br><br>v.<br><br>WARDEN MULLIGAN,<br>    Respondent. | PRISONER<br>Case No. 3:17cv1816(AWT) |

**RULING ON PETITION FOR WRIT OF HABEAS CORPUS**

The petitioner, Robert Buie, who is incarcerated and proceeding pro se, has filed petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. He challenges his November 2008 burglary and sexual assault convictions. For the reasons that follow, the petition will be dismissed.

I. **Factual and Procedural Background**

On November 5, 2008, a jury in Connecticut Superior Court for the Judicial District of Waterbury convicted the petitioner of one count of attempted aggravated sexual assault in the first degree, one count of conspiracy to commit aggravated sexual assault in the first degree, one count of burglary in the first degree and two counts of accessory to aggravated sexual assault in the first degree. See State v. Buie, 129 Conn. App. 777, 779-80, 785-86 (2011). On January 9, 2009, a judge sentenced the petitioner to a total effective sentence of forty years of

imprisonment and fifteen years of special parole.  See id. at 785-86.

On appeal, the petitioner challenged his conviction on one ground.  See id. at 780.  On July 5, 2011, the Connecticut Appellate Court concluded that the apparent authority doctrine exception to the warrant requirement did not violate the right of a citizen to be free from unreasonable searches under the Connecticut Constitution and the police reasonably believed that the petitioner's female friend had common authority over his apartment.  See id. at 789, 806-07.  The Connecticut Supreme Court granted certification on the following issue: "Did the Appellate Court properly conclude that, in the context of a search of a private home, the apparent authority doctrine does not violate article first, § 7, of the constitution of Connecticut?"  State v. Buie, 303 Conn. 903 (2011).

On July 22, 2014, the Connecticut Supreme Court affirmed the Connecticut Appellate Court's determination that the application of the apparent authority doctrine to a search of a private home does not violate article first, § 7 of the Connecticut Constitution and also affirmed the Connecticut Appellate Court's judgment upholding the trial court's judgment of conviction of the petitioner.  See State v. Buie, 312 Conn. 574, 577 (2014)(per curiam).

While his direct appeal was pending, the petitioner filed three state habeas petitions. See Buie v. Warden, No. CV14-4005884S, 2017 WL 2452160, at *8 (Conn. Super. Ct. May 11, 2017). A judge consolidated all three cases under the last case number. See id.

On September 28, 2012, after a hearing on the claims raised in the amended petition filed in the consolidated cases, a judge denied all the claims. See Buie v. Warden, No. TSR-CV12-4004375S, 2012 WL 7831271, at *2 (Conn. Sup. Ct. Sept. 28, 2012). On June 17, 2014, the Connecticut Appellate Court dismissed the appeal per curiam. See Buie v. Commissioner of Correction, 151 Conn. App. 901 (2014). On September 25, 2014, the Connecticut Supreme Court denied his petition for certification to appeal. See Buie v. Commissioner of Correction, 314 Conn. 910 (2014).

On December 5, 2013, the petitioner filed a fourth state habeas petition. See Buie v. Warden, No. TSR-CV14-4005884S (Conn. Super. Ct. Dec. 5, 2013). On April 11, 2016, the petitioner filed a fifth state habeas petition. See Buie v. Warden, No. TSR-CV16-4007998S (Conn. Super. Ct. Apr. 11, 2016).[1]

---

[1] Information regarding the fourth and fifth state habeas petitions may be found at: http://www.jud.ct.gov/jud2.htm under Superior Court Case Look-up; Civil/Family/Housing/Small Claims; Case Look-up by Docket Number using TSR-CV14-4005884S and TSR-CV16-4007998S (Last visited on January 22, 2018).

On August 8, 2016, a judge consolidated the fifth petition, Buie v. Warden, No. TSR-CV16-4007998S, with the fourth petition, Buie v. Warden, No. TSR-CV14-4005884S. See id. (Docket Entry 106.00). The judge handling the fifth petition designated the fourth petition, Buie v. Warden, No. TSR-CV14-4005884S, as the lead case. See id.

On November 8 and 9, 2016, a judge held a trial on the fifteen claims of ineffective assistance of habeas counsel asserted in the consolidated habeas petitions. See Buie, No. CV14-4005884S, 2017 WL 2452160, at *9-10. On May 11, 2017, the judge denied the consolidated petitions. See id. at *17. The petitioner has appealed the denial of the consolidated petitions and the appeal remains pending. See Pet. Writ Habeas Corpus, ECF No. 1 at 7, 10, 12, 14, 16.

## II. **Legal Standard**

A prerequisite to habeas relief under section 2254 is the exhaustion of all available state remedies. See O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); 28 U.S.C. § 2254(b)(1)(A). The exhaustion requirement seeks to promote considerations of comity and respect between the federal and state judicial systems. See Martinez v. Ryan, 566 U.S. 1, 9 (2012) ("Federal habeas courts reviewing the constitutionality of a state prisoner's conviction and sentence are guided by rules designed

4

to ensure that state-court judgments are accorded the finality and respect necessary to preserve the integrity of legal proceedings within our system of federalism."); Coleman v. Thompson; 501 U.S. 722, 731 (1991) (noting the exhaustion requirement, codified at 28 U.S.C. § 2254(b)(1), is "grounded in principles of comity; in a federal system, the States should have the first opportunity to address and correct alleged violations of [a] state prisoner's federal rights.").

To satisfy the exhaustion requirement, a petitioner must present the essential factual and legal bases of his federal claim to each appropriate state court, including the highest state court capable of reviewing it, in order to give state courts a full and fair "opportunity to pass upon and correct alleged violations of its prisoners' federal rights." Duncan v. Henry, 513 U.S. 364, 365 (1995) (per curiam) (internal quotation marks and citation omitted). A federal claim has been "fairly present[ed] in each appropriate state court, including a state supreme court with powers of discretionary review," if it "alert[s] that court to the federal nature of the claim." Baldwin v. Reese, 541 U.S. 27, 29 (2004) (internal parentheses and quotation marks omitted). A petitioner "does not fairly present a claim to a state court if that court must read beyond a petition or a brief . . . that does

not alert it to the presence of a federal claim in order to find material . . . that does so." Id. at 32.

## III. **Discussion**

The petitioner raises four claims of ineffective assistance of habeas counsel. See Pet. Writ Habeas Corpus, ECF No. 1 at 9, 11, 13, 15. The petitioner contends that he raised each of his four claims in the consolidated fourth and fifth state habeas petitions.[2] The appeal of the denial of those petitions is still pending. See Buie v. Commissioner of Correction, AC 40520 (Appeal filed June 6,

---

[2] The petitioner clearly describes claim four as an ineffective assistance of habeas counsel claim relating to evidence that the complainant had alleged that she had contracted a sexually transmitted disease from the petitioner. The petitioner asserts that habeas counsel in the first consolidated state habeas petitions neglected to have the petitioner tested for the disease, neglected to raise a claim of ineffective assistance of trial counsel with regard to trial counsel's failure to disclose to the petitioner that the complainant had contracted a sexually transmitted disease, neglected to raise a claim of ineffective assistance of trial counsel with regard to trial counsel's failure to have the petitioner tested for the disease and neglected to raise a claim of ineffective assistance of trial counsel with regard to trial counsel's failure to cross-examine the complainant about disease. Although the petitioner initially asserts that he raised these claims in the first consolidated state habeas petition, he did not do so. See Pet. Writ Habeas Corpus, ECF No. 1 at 16. The claims raised by the petitioner in the first consolidated state habeas petitions were **ineffective assistance of trial counsel** claims. See Buie, No. CV14-4005884S, 2017 WL 2452160, at *9. Furthermore, the petitioner concedes, on a subsequent page of the present habeas petition, that the ineffective assistance of habeas counsel claims described in the fourth ground were raised in the second consolidated state habeas petitions, but habeas counsel in that action chose not to pursue

2017).[3]

As the petition stands, none of the grounds have been fully exhausted. The petitioner has not alleged that there is no opportunity for redress in state court or that the state court process is clearly deficient. Thus, he is not excused from exhausting his state remedies before proceeding in federal court. See 28 U.S.C. 2254(b)(1)(B)(i) & (ii)(federal district court may consider a claim that has not been exhausted in state court if "there is an absence of available State corrective process; or" circumstances exist that render the state court process "ineffective to protect the rights of the [petitioner]."); Duckworth v. Serrano, 454 U.S. 1, 3 (1981)(an exception to the exhaustion requirement is appropriate "only if there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient" that any attempt to secure relief in state court is rendered futile). Because the petitioner has not exhausted his state court remedies as to any ground in the petition, the petition is being dismissed without prejudice.

---

the claims at trial. See Pet. Writ Habeas Corpus, ECF No. 1 at 17.
    [3] Information regarding this appeal may be found at: http://www.jud.ct.gov/jud2.htm under Supreme and Appellate Court Case Look-up; Case Look-up by Docket Number under Appellate Court using 40520 (Last visited on January 22, 2018).

**IV. Conclusion**

The Petition for Writ of Habeas Corpus [**ECF No. 1**] is hereby **DISMISSED** without prejudice to re-filing a new action after the petitioner has fully exhausted all available state court remedies as to all grounds in the petition.[4]

The court concludes that jurists of reason would not find it debatable that the petitioner failed to exhaust his state court remedies with regard all grounds in the petition. Thus, a certificate of appealability will not issue. See Slack v. McDaniel, 529 U.S. 473, 484 (2000) (holding that, when the district court denies a habeas petition on procedural grounds, a certificate of appealability should issue if jurists of reason would find debatable the correctness of the district court's ruling).

The Clerk is directed to enter judgment and close this case.

---

[4] The court notes that the Second Circuit has cautioned the district courts not to dismiss a mixed petition containing exhausted and unexhausted claims where an outright dismissal would preclude the petitioner from having all of his claims addressed by the federal court. In Zarvela v. Artuz, 254 F.3d 374, 380-83 (2d Cir. 2001), the Second Circuit advised the district court to stay the petition to permit the petitioner to complete the exhaustion process and return to federal court. Zarvela is not applicable to this case because the instant petition is not a mixed petition as none of the claims have been exhausted.

It is so ordered.

Dated this 22nd day of January 2018, at Hartford, Connecticut.

                                                /s/AWT
                                       Alvin W. Thompson
                                    United States District Judge